
FILED
2007 Jun-25 PM 03:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KIMBERLY WASHINGTON, et al.,** ) ) ) **Plaintiffs** ) ) vs. ) ) **THE HOUSING AUTHORITY, BIRMINGHAM DISTRICT, et al.,** ) ) ) **Defendants** ) | Case No. 2:06-CV-01048-HGD |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Stay Judicial Proceedings and Compel Arbitration, or in the Alternative, Motion to Dismiss, together with the Magistrate Judge's Report and Recommendation. (docs. 16, 48, respectively). Defendants have filed Objections to the Magistrate Judge's Report and Recommendation. (doc. 51).

Rule 72(a), Fed.R.Civ.P., provides that a district judge considering the appeal of an order of a magistrate judge "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." After a review of the record, the magistrate judge's order, and defendants' objections, the court determines that the magistrate judge's order was "clearly erroneous or contrary

to law." Therefore, defendants' objections to the magistrate judge's order are **SUSTAINED**[1] and the order is **REVERSED**.

The central issue before this court is whether, as argued by Defendants, Plaintiffs must submit their retaliation claims to arbitration.[2]

The Magistrate Judge concluded that the retaliation claims are not subject to the arbitration agreement. (doc. 48). The Report cites to *First Options of Chicago, Inc. v. Kaplan*, in which the United States Supreme Court instructed that, where the parties have entered an arbitration agreement, the arbitrator – not the court – may determine the scope of the arbitration agreement <u>if</u> the arbitration agreement expressly so provides. 514 U.S. 938, 942-945, 115 S.Ct. 1920, 1923-1925, 131 L.Ed.2d 985 (1995).

The central question, therefore, is whether the arbitrability of Plaintiffs' retaliation claims was expressly reserved for the arbitrator to decide. Only if the

---

[1] Defendants' first objection to the Magistrate Judge's Report and Recommendation is dispositive of the issue before this court. Because the court sustains this objection, it will not address Defendants' remaining arguments.

[2] In their pending motion, Defendants initially sought to compel arbitration of all of Plaintiffs' claims, including hostile work environment, invasion of privacy, and negligent hiring, retention, and supervision. (doc. 16). As explained in the Magistrate Judge's Report and Recommendation, however, Defendants have since argued only that Plaintiffs must submit their retaliation claims to arbitration. (doc. 48 at 7, n. 2). Consequently, the Report and Recommendation addressed Defendants' Motion only as to Plaintiffs' retaliation claims. (doc. 48). Defendants have not objected to the Magistrate Judge's exclusion of Plaintiffs' remaining claims, nor do they request that this court address any issues not raised in the Report and Recommendation. (doc. 51).

arbitrability of the claims was not expressly reserved for the arbitrator may the court independently determine arbitrability. *First Options*, 514 U.S. at 943, 115 S.Ct. at 1924.

The Report and Recommendation does not address this question. Rather, the Magistrate Judge determined the question of arbitrability himself, and concluded that the retaliation claims are not subject to the arbitration agreement. (doc. 48 at 11).

The arbitration agreement, however, expressly reserves the arbitrability of a dispute for the arbitrator, as follows: "The arbitrator has exclusive authority to resolve any dispute relating to the applicability or enforceability of this Agreement." (doc. 27, exh. 1 at 1) (emphasis added).

Because the arbitrability of a dispute is expressly reserved for the arbitrator to decide, the Magistrate Judge improperly determined the arbitrability of the plaintiffs' retaliation claims.  Hence, the defendants' objection to the Report and Recommendation on this ground is due to be sustained.[3]

---

[3] Plaintiffs do not address whether the arbitrability of their retaliation claims must be decided by an arbitrator. Rather, Plaintiffs' arguments are limited to whether their retaliation claims must be arbitrated. Consistent with *First Options*, however, the court will not decide whether Plaintiffs' retaliation claims are subject to arbitration. Hence, the court does not address Plaintiffs' arguments on this issue, as they do not affect the court's conclusion that the arbitrability of their retaliation claims is due to be determined by the arbitrator as provided by the parties' arbitration agreement.

For the reasons set forth *supra*, Defendants' Motion is due to be and hereby is **GRANTED** insofar as it requests the court to stay Count Four and compel arbitration of the claims alleged in Count Four. The parties are hereby **ORDERED** to arbitrate, on a schedule to be established by Magistrate Judge Davis, the claims set forth in Count Four.

In all other respects, the Motion is **DENIED**.

**DONE** and **ORDERED** this the 25th day of June, 2007.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge